**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60165
Summary Calendar

ALICE M. SMITH,

Plaintiff - Appellant,

VERSUS

CENTRA BENEFIT SERVICES, INC.,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:96-CV-929-B-N)

March 25, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

Per Curiam:[1]

Alice Smith ("Smith") sued her employer, Centra Benefit Services ("Centra Benefit"), for violating her rights under Title VII. She appeals the district court's grant of summary judgment for Centra Benefit. For the following reasons, we affirm.

**BACKGROUND**

In 1995, Smith served as the temporary Unit Leader in Centra Benefit's Medical Review Department. Smith, a black female, was one of three applicants for the permanent Unit Leader position.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After interviewing the applicants, Centra Benefit selected Janice Broocks ("Broocks"), a white female, as Unit Leader.

Smith filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Centra Benefit promoted a less qualified white employee. Further, she alleged that she was denied the promotion because of her race. After the EEOC mailed Smith a "right to sue" letter, she filed a pro se complaint against Centra Benefit. In her complaint, she alleged that Centra Benefit discriminated against her by giving the promotion to a less qualified white employee. Subsequently, Smith retained an attorney and amended her complaint to also allege that Centra Benefit's use of the Wonderlic test had a disparate impact on black applicants for the Unit Leader position.[2]

Centra Benefit moved for summary judgment. The district court granted Centra Benefit's motion. Smith appeals.

## DISCUSSION

We review the grant of summary judgment de novo, using the same criteria used by the district court. See Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

## I.  Disparate Impact Claim

"It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." National Association of Government Employees v. City Public Service Board of San Antonio, Texas, 40 F.3d 698, 711 (5th Cir. 1994). "[T]he 'scope' of the

_____

[2]The Wonderlic test is a problem-solving test.

2

judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).

Smith's disparate impact claim asserted in her amended complaint alleged that Centra Benefit's use of the Wonderlic test has an adverse impact on black applicants for the Unit Leader position. However, her EEOC charge did not mention Centra Benefit's use of the Wonderlic test. Rather, her EEOC charge alleged that she (1) was not adequately compensated for serving as a temporary Unit Leader and (2) did not receive the promotion to the permanent position because of her race. Reasoning that her disparate impact claim was not reasonably related to her EEOC charge, the district court concluded that it lacked jurisdiction over Smith's disparate impact claim.

Smith maintains that the district court erred by granting summary judgment for Centra Benefit. She contends that her disparate impact claim is reasonably related to her EEOC complaint because the EEOC learned about Centra Benefit's use of the Wonderlic test during the course of its investigation. Noting that several cases found the Wonderlic test has a discriminatory impact, Smith argues that the EEOC should have investigated Centra Benefit's use of the test. See Watkins v. Scott Paper Co., 530 F.2d 1159, 1185 (5th Cir. 1976) (stating that the Wonderlic test "has been shown to be discriminatory in impact in a number of . . . Title VII cases.").

3

We disagree. A disparate impact claim "involve[s] employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." International Brotherhood of Teamsters v. United States, 97 S.Ct. 1843, 1854 n.15 (1977). Smith's EEOC charge did not mention Centra Benefit's use of the Wonderlic test or any other specific employment practice. Rather, her charge simply alleged that Centra Benefit promoted a less experienced white employee. Accordingly, we conclude that Smith's disparate impact claim is not reasonably related to her EEOC charge. See Noreuil v. Peabody Coal Co., 96 F.3d 254, 258-59 (7th Cir. 1996) (holding that the plaintiff's disparate impact claim was not reasonably related to the retaliation claim set forth in his EEOC charge because the charge failed to allege that the defendant's policies were discriminatory).[3]

## II. Disparate Treatment Claim

To establish a prima facie discrimination case, a plaintiff must show that: (1) she is a member of a protected class; (2) she

---

[3]In Gomes v. Avco. Co., 964 F.2d 1330, 1334-35 (2nd Cir. 1992), the Second Circuit held that the plaintiff's disparate impact claim was reasonably related to the disparate treatment claim alleged in his EEOC charge. Gomes is factually distinguishable from the case at bar. In Gomes, the plaintiff maintained that the defendant's eight year experience requirement had a disproportionate impact on persons of Portuguese descent. Although the plaintiff's EEOC charge did not allege disparate impact, it mentioned the eight year experience requirement. Noting that the plaintiff brought the eight year requirement to the EEOC's attention, the Second Circuit reasoned that the EEOC could have reasonably inquired as to whether the requirement had a discriminatory impact. In contrast, Smith's EEOC charge did not mention Centra Benefit's use of the Wonderlic test.

4

sought and was qualified for an available employment position; (3) she was rejected for that position; and (4) the employer continued to seek applicants with the plaintiff's qualifications. See LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir. 1996). "Once established, the plaintiff's prima facie case raises an inference of intentional discrimination. The burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action." Id.

If the defendant meets its burden, the presumption of discrimination disappears. See Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc). "However, the plaintiff is accorded the opportunity to demonstrate that the defendant's articulated rationale was merely a pretext for discrimination." Id. A plaintiff can avoid summary judgment by (1) creating a fact issue as to whether the defendant's stated reason is what actually motivated the defendant and (2) creating a reasonable inference that the plaintiff's race was a determinative factor in the adverse employment action. See id. at 994.

For purposes of the summary judgment motion, the district court assumed that Smith established a prima facie discrimination case. The district court concluded that Centra Benefit's proffered reason for promoting Broocks instead of Smith--that Broocks had better leadership skills and experience--satisfied Centra Benefits burden of production. Therefore, the presumption of discrimination disappeared and Smith was given an opportunity to show that the

proffered reason was a pretext for discrimination. The district court concluded that Smith failed to produce any evidence that Centra Benefit's proffered reason for promoting Broocks instead of Smith was pretextual and failed to produce evidence indicating that Centra Benefit was motivated by discriminatory intent.

Smith contends that the district court erred by granting summary judgment for Centra Benefit on her disparate treatment claim because of disputed issues of material fact. She maintains that issues of fact exist as to (1) whether she was more qualified than Brooks and (2) whether Centra Benefit used the Wonderlic test in making its decision. We disagree. Smith's brief fails to point to any evidence indicating that Centra Benefit was motivated by discriminatory intent. Therefore, the district court properly granted summary judgment for Centra Benefit.

## CONCLUSION

We affirm the summary judgment in favor of Centra Benefit. AFFIRMED.